IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT C.,[1]                                                    No. 3:21-cv-00712-HZ

          Plaintiff,                                         OPINION & ORDER

    v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

          Defendant.


Kevin Kerr
Kerr Robichaux & Carroll
PO Box 14490
Portland, OR 97239

    Attorney for Plaintiff

Renata Gowie
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

Diana Swisher Andsager
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Robert C. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). The Court affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

      Plaintiff applied for DIB on December 8, 2017, alleging an onset date of December 1, 2017. Tr. 165.[2] Plaintiff's date last insured ("DLI") is December 31, 2021. Tr. 190. His application was denied initially and on reconsideration. Tr. 58, 76.

      On November 13, 2019, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 32-55. On November 29, 2019, the ALJ found Plaintiff not disabled. Tr. 27. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

      Plaintiff alleges disability based on bipolar disorder, depression, left and right wrist tendinitis, back pain, ADHD, and PTSD. Tr. 198. At the time of his alleged onset date, he was 55 years old. Tr. 190. He has at least a high school education and past relevant work experience as a pipefitter. Tr. 25.

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 7.

2 – OPINION & ORDER

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform their "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts

to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after his alleged onset date. Tr. 19. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "degenerative disease of the lumbar spine and bipolar affective disorder." Tr. 19. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 20. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform medium work as defined in 20 C.F.R. §§ 404.1567(b) except he is limited to simple routine tasks and entry level jobs with a specific vocational preparation level of two. Tr. 22. Because of these limitations, the ALJ concluded that Plaintiff could not perform his past relevant work. Tr. 25. But at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as hospital housekeeper, laundry worker, and dishwasher. Tr. 26. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 27.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

## DISCUSSION

Plaintiff asserts that the ALJ erred by improperly rejecting the administrative medical findings of state agency medical consultants, Neal Berner, M.D. and Susan Johnson, M.D. Specifically, Plaintiff objects to the ALJ's failure to include the exertional limitations presented by the agency consultants in the RFC. Both consultants found that Plaintiff would be able to "Stand and/or walk (with normal breaks) for a total of: About 6 hours in an 8-hour workday." Tr. 70, 87. According to Plaintiff, the ALJ erred by not specifically mentioning this standing/walking limitation in either the RFC or the hypothetical posed to the vocational expert ("VE") at step five. Plaintiff claims that because the ALJ excluding this limitation from the hypothetical, the ALJ's finding at step five was not based on substantial evidence.

Because Plaintiff filed his claim after March 27, 2017, new regulations about weighing medical opinion evidence apply to claims filed on or after March 27, 2017. Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. Under the new regulations, ALJs are no longer required to give

deference to any medical opinion, including treating source opinions. *Id.* Instead, the agency considers several factors. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). These are: supportability, consistency, relationship to the claimant, specialization, and "other factors." 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The "most important" factors in the evaluation process are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

Here, the ALJ considered the administrative medical findings of Dr. Berner and Dr. Johnson according to the new regulations. Tr. 22. The ALJ specifically addressed their opinions and found them to persuasive. Tr. 24. The ALJ noted that the assessments of Dr. Berner and Dr. Johnson were "supported by references to clinical and diagnostic evidence and are consistent with treatment records reflecting degenerative changes in the lumbar spine and left knee, the claimant's intact ability to ambulate, and his reported activities." Tr. 24. Because the ALJ considered and specifically discussed the supportability and consistency factors, he adequately complied with the new regulations.

Plaintiff does not oppose the ALJ's determination that the administrative findings of Dr. Berner and Dr. Johnson were persuasive. Rather, Plaintiff claims that the ALJ "improperly rejected" the consultants' opinions because he did not include their statements about Plaintiff's standing limitation in the RFC or the hypothetical posed to the VE. At the hearing, the ALJ asked the VE to identify jobs in the national economy that could be performed by a person of Plaintiff's "age, education, and past work experience, who's limited to medium work, SVP 2, entry level work." Tr. 51. Plaintiff acknowledges that a limitation to standing and walking six hours in an eight-hour day is an included in the agency's definition of "medium work." Pl. Brief 5, ECF 8. Nevertheless, Plaintiff claims that the ALJ should have specifically included the "additional limitation to a maximum of 6 hours standing and/or walking." Pl. Reply 2, ECF 11.

"Medium work is a term of art in disability law with a well-established meaning." *Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021) (internal quotation marks omitted). Social Security Administration regulations define "medium work" as follows:

> 3. Medium Work. The regulations define medium work as lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds.

SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). The regulation does not include an express standing and walking limitation.[3] But "the Social Security Administration has long interpreted this language to include such a restriction." *Terry*, 998 F.3d 1010, 1013 (9th Cir. 2021).

In *Terry*, the Ninth Circuit determined that a VE would presumptively be aware of the agency's interpretation that "medium work" implies a six-hour standing and walking limitation. *Id.* at 1013. Thus, the court held that when an ALJ asks a VE whether jobs exist in the national economy "for a hypothetical individual who was limited to medium work, that question adequately communicated the term's attendant standing and walking limitations." *Id.* The court's holding obviates any requirement for an ALJ to specifically include a standing/walking restriction in the RFC or the hypothetical.

Plaintiff brings the same challenge to the ALJ's decision as the claimant in *Terry*. Plaintiff argues that the ALJ's finding at step five was not supported by substantial evidence because the RFC and the hypothetical posed to the VE did not include the standing or walking restrictions presented by Dr. Berner and Dr. Johnson. Plaintiff is correct that the VE's answer

---

[3] The express terms of the regulation state that performing medium work "requires" standing or walking for about six hours in an eight-hour workday. SSR 83-10, 1983 WL 31251, at *6.

7 – OPINION & ORDER

carries no evidentiary value if all of a claimant's limitations are not included in the hypothetical question. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). However, as the Ninth Circuit held in *Terry*, a VE would understand that a limitation to "medium work" implies a six-hour standing and walking limitation. 998 F.3d at 1014. So neglecting to explicitly state that limitation does not render the hypothetical incomplete or inaccurate.

In claiming that the ALJ erred, Plaintiff relies on the VE's answer to a question posed by his attorney at the hearing. Plaintiff's attorney asked the VE whether someone who was "only able to be on their feet for six out of eight hours, maximum" could perform the identified jobs. Tr. 53. The VE responded that the three jobs identified "would not comport with that additional work restriction." Tr. 53. Thus, according to Plaintiff, limiting his RFC to medium work was insufficient. The ALJ should have specifically included a stand/walk restriction of no more than six hours in the hypothetical posed to the VE.

But neither Dr. Berner nor Dr. Johnson found that Plaintiff would require such a strict limitation. Instead, the medical consultant opinions state that Plaintiff could stand and walk for "*[a]bout* 6 hours in an 8-hour workday." Tr. 70, 87 (emphasis added). The consultants' stated opinions match the agency's interpretation of "medium work," but they are distinguishable from the hypothetical posed to the VE by Plaintiff's attorney. The consultants did not conclude that Plaintiff could only stand and walk for a *maximum* of six hours. Thus, the VE's answer to Plaintiff's attorney is not dispositive on whether Plaintiff is disabled.

Accordingly, the ALJ did not err in relying on the VE's response to a hypothetical limiting Plaintiff to medium work without a hard cap of six hours of standing and walking in an eight-hour workday. Because the VE identified jobs that exist in the national economy that

8 – OPINION & ORDER

Plaintiff could perform, the ALJ's determination that Plaintiff was not disabled is supported by substantial evidence.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED: March 30, 2022 .

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge